UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| David Warren Huffman | ) | CASE NO: 4:23CV00725 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Ms. Lambt | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff David Warren Huffman filed this *in forma pauperis* action against Ms. Lambt. (Doc. No. 1) for the violation of 18 U.S.C. § 1001(a)(2) and (3). Plaintiff seeks $500,000 in damages. For the following reasons, this action is dismissed.

**I. Background**

Plaintiff's Complaint contains very few facts. According to the Complaint, Defendant is a case manager employed by the Ohio Department of Rehabilitation and Correction. As best the Court can discern, it appears that Plaintiff alleges Defendant made a false statement on a conduct report. Plaintiff states that Defendant wrote in the conduct report that while she was speaking to another inmate in Plaintiff's cell block, Plaintiff called her to his cell and asked to speak to her. Plaintiff claims that this statement was a "fabrication," because he was never standing at his cell door. (Doc. No. 1

at 5). Plaintiff alleges that Defendant's purportedly fabricated statement is a violation of 18 U.S.C. § 1001(a)(2) and (3).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court is required, however, to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Discussion

Plaintiff's only claim against Defendant is asserted under 18 U.S.C. § 1001(a)(2) and (3). This criminal statute provides criminal penalties for anyone who makes materially false, fictitious, or fraudulent statements or representations in any matter within the jurisdiction of the executive, legislative, or judicial branches of the United States Government. Criminal actions in the federal courts are initiated by the United States Attorney. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c). The Court does not initiate them. Moreover, criminal statutes do not provide a cause of action for private parties in a civil case. *See Booth v. Henson*, 290 Fed. Appx. 919, 2008 WL 4093498, at *1 (6th Cir. 2008); *United States v. Oguaju*, 76 Fed. Appx. 579, 2003 WL 21580657, *2 (6th Cir. 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994); *Chilcoat v. Grey*, No. 3:23-cv-014, 2023 U.S. Dist. LEXIS 47917, * 4 (N.D. Ohio March 21, 2023).

Accordingly, even liberally construing the *pro se* Complaint, Plaintiff fails to state a claim for relief under 18 U.S.C. § 1001(a)(2) and (3).

### IV. Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

<u>July 19, 2023</u>　　　　　　　　　　　　　　　　　<u>　/s/ John R. Adams　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　JUDGE JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT